IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:11-cv-03768 |
| J. BHAGWANJI, INC., et al. | § § § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Transfer Venue ("Motion") [Doc. # 6] filed by Defendants J. Bhagwanji, Inc. ("JBI") and Hemant Bhakta ("Bhakta"), to which Plaintiff Choice Hotels International, Inc. ("Choice Hotels") has filed a Response [Doc. # 10], and Defendants have filed a Reply [Doc. # 13]. Having reviewed the full record and the governing legal authorities, the Court **grants** the Motion to transfer this case to the Corpus Christi Division of the United States District Court for the Southern District of Texas.

## I. FACTUAL BACKGROUND

Plaintiff Choice Hotels is a Delaware corporation with its principal place of business in Silverspring, Maryland.[1] Plaintiff franchises hotels and owns several

---

[1] Compl. [Doc. # 1], ¶ 1.

United States trademarks for its "QUALITY family of marks" ("QUALITY marks") related to hotel and motel services.[2]

Defendant JBI is a Texas corporation with its principal place of business at 3421 South Padre Island Drive, Corpus Christi, TX.[3] Defendant Bhakta resides in Corpus Christi, Texas, and is an officer and agent of JBI.[4] Defendants operate a hotel or motel ("Hotel") at 1911 North Padre Island Drive, Corpus Christi, Texas.[5]

In May 1997, Plaintiff and Defendants entered into a franchise agreement that permitted JBI to operate a "QUALITY INN" hotel franchise at 1911 North Padre Island, Corpus Christi.[6] In October 2011, Plaintiff issued a notice of termination of the franchise agreement because Defendants allegedly failed to meet the minimum standards required under Plaintiff's policies.[7] Defendants requested a reinstatement, and the parties held discussions about Defendants' request.[8] In June 2011, Plaintiff denied reinstatement.[9] According to Plaintiff, Defendants

---

2   *Id.*, ¶¶ 15, 18–21.

3   Answer [Doc. # 7], ¶ 2.

4   *Id.*, ¶¶ 2, 3, 6.

5   Compl., ¶ 5; Answer, ¶ 5.

6   Compl., ¶ 39; Answer, ¶ 39.

7   Compl., ¶¶ 47–50; Answer, ¶¶ 47–50.

8   Compl., ¶¶ 51–52 ; Answer, ¶¶ 51–52.

9   Compl., ¶¶ 52–53; Answer, ¶¶ 52–53.

2

continue to use one or more of Plaintiff's QUALITY marks despite the termination and denial of reinstatement.[10]

On October 24, 2011, Plaintiff fmarx this suit.[11] Plaintiff alleges that Defendants' actions violated (1) federal trademark law, (2) federal false designation of origin laws, (3) Texas trademark law, and (4) Texas unfair competition law.[12] On November 23, 2011, Defendant filed the instant Motion seeking to transfer this suit to the Corpus Christi Division of this District.[13] The Motion has been fully briefed and is ripe for decision.

## II.     APPLICABLE LEGAL STANDARDS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district *or division* where it might have been brought." 28 U.S.C. § 1404(a) (emphasis added); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 308 n.1 (5th Cir. 2008) (*en banc*), *cert. denied*, 129 S. Ct. 1336 (2009) ("*Volkswagen II*"). In determining whether to transfer a case to another division within the same district, a court is to consider the

---

[10]   Compl., ¶ 60.

[11]   *See* Compl.

[12]   *Id.*, ¶¶ 66–91.

[13]   *See* Motion [Doc. # 6]. Defendants also filed an Answer and Counterclaims for breach of contract and attorney's fees against Plaintiff [Doc. # 7]. Pursuant to Defendants' Notice of Dismissal of Counterclaims [Doc. # 12], the Court dismissed the Defendants' counterclaims [Doc. # 14].

3

same factors as it does when determining whether to transfer venue to another district.[14] *See Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000); *Tapia v. Dugger*, No. SA-06-CA-0147-XR, 2006 WL 2620530 at *3 (W.D. Tex. Sept. 7, 2006); *Zamora-Garcia v. Moore*, No. M-05-331, 2006 WL 3341034, at *2 (S.D. Tex. Nov. 16, 2006).

To determine whether transfer is appropriate under section 1404(a), a court must first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). In addition, the moving party must show good cause for a transfer of venue. *Volkswagen II*, 545 F.3d at 315. To show good cause, a moving party must "clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id.* If "the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.*

To decide whether the transfer would be clearly more convenient and serve the interests of justice, a court must consider both private and public factors. *See Volkswagen II*, 545 F.3d at 315. "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to

---

[14] There is some authority that the court has broader discretion to order an intra-district transfer than an inter-district transfer. *See* 28 U.S.C. § 1404(b). The Court nevertheless engages in the traditional section 1404(a) analysis.

4

secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Volkswagen II*, 545 F.3d at 315 (citing *Volkswagen I*, 371 F.3d at 203).

The relative convenience to the witnesses is often recognized as the most important factor under § 1404(a). *Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 790 (S.D. Tex. 2005). When the distance traveled is beyond 100 miles, inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. *Volkswagen I*, 371 F.3d at 204–05. In considering the convenience of witnesses, the relative convenience to key witnesses and key non-party witnesses is accorded greater weight in the venue transfer analysis. *See Spiegelberg*, 402 F. Supp. 2d at 790–91; *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex. 1994); *Cont'l Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1396 (S.D. Tex. 1992).

Although "a plaintiff's choice of venue is not a distinct factor in the venue transfer analysis, it is nonetheless taken into account as it places a significant burden on the movant to show good cause for the transfer." *Volkswagen II*, 545 F.3d at 315 n.10. "However, when a plaintiff is not a resident of the chosen forum, or the operative facts underlying the case did not occur in the chosen forum, the court will not give as much deference to a plaintiff's choice." *See Apparel Prod.*

5

*Servs. Inc. v. Transportes De Carga Fema, S.A.*, 546 F. Supp. 2d 451, 453 (S.D. Tex. 2008) (citing *In re Horseshoe Entm't*., 337 F.3d 429, 434–35 (5th Cir. 2003)).

The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Volkswagen II*, 545 F.3d at 315 (citing *Volkswagen I*, 371 F.3d at 203).

These public and private factors are not necessarily exhaustive or exclusive, and no one is dispositive. *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (citing *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir. 1986)).

### III.   <u>ANALYSIS</u>

The initial inquiry is whether this case could have been brought in the Corpus Christi Division. *See Volkswagen I*, 371 F.3d at 203. It is undisputed that Defendant is subject to personal jurisdiction in the federal court in Corpus Christi.[15] It is also undisputed that the allegedly infringing use of Plaintiff's QUALITY marks occurred within the Corpus Christi Division, establishing proper

---

15   *See* Compl., ¶ 13; Answer, ¶ 13.

venue in that district court. *See* 28 U.S.C. § 1391(b). As a result, this case could have been brought in the Corpus Christi Division.

***Private Interest Factors.*** – The private interest factors weigh heavily in favor of transfer. It is undisputed that Plaintiff is not a resident of Houston.[16] The dispute also involves alleged infringing uses of Plaintiff's trademarks in Corpus Christi.[17]

The identified key witnesses reside in Corpus Christi. Defendant Bhakta resides there[18] and likely will be called to testify about the franchise agreement, use of Plaintiff's QUALITY marks and other operations at the Hotel, and communications with Plaintiff regarding renovations and quality control inspections of the Hotel.[19] Defendant JBI also plans to call one current and one former employee as non-party witnesses to testify about the condition of the Hotel, use of Plaintiff's QUALITY marks, and communications with Plaintiff concerning operation of the hotel.[20] These non-party witnesses also reside in Corpus Christi. Their testimony is relevant to support Defendants' argument that JBI, during

---

[16] *See* Compl., ¶ 1.

[17] *See id.*, ¶¶ 55–61.

[18] Bhakta is an agent of JBI, Answer, ¶ 3, and signed the Franchise Agreement. *See* Pl. Ex. 16, Quality Franchise Agreement [Doc. # 1-16], at 23.

[19] Motion, ¶ 6.

[20] *Id.*, ¶ 7.

negotiations with Plaintiff to reinstate the franchise agreement, was authorized to use QUALITY marks.[21]

Plaintiff also asserts that "it is much easier for a non-resident of Texas from the Northeast United States to travel to Houston rather than to Corpus Christi.[22] Plaintiff has not, however, identified any specific witnesses for whom Houston would be more convenient.  Because the identified witnesses are residents of and employed in Corpus Christi, the cost of travel and loss of income to witnesses will be substantially less in Corpus Christi than in the Houston.  Relatedly, the non-voluntary attendance of the key witnesses can be obtained by the Corpus court with less difficulty than a Houston court.

***Public Interest Factors***.–  The public interest factors also weigh heavily in favor of transfer.  The Houston Division is an exceedingly busy division. It is not a prudent use of judicial resources for this Court to resolve a dispute that has no connection to this forum.  There is also no evidence that transfer to Corpus Christi would result in any material delay of this case.

Also, the citizens of the Corpus Christi Division have an interest this dispute.  The events giving rise to Plaintiff's claims arose in Corpus.  Plaintiffs allege that Defendants' use of Plaintiff's QUALITY marks at the Hotel is likely to

---

[21]     *See* Reply, ¶ 3.

[22]     Resp., ¶ 4.

8

cause confusion, mistake, and/or deception "in, around, and for" the Hotel.[23] The local interest factor weighs in favor of transfer.[24]

### IV. CONCLUSION

Both the private and public interest factors weigh heavily in favor of transferring this case to the Corpus Christi Division, where suit originally could have been brought. Plaintiff's current choice of this forum is entitled to little deference because Plaintiff is not a Houston resident and the alleged wrongdoing did not occur here. The convenience of the parties and the witnesses, and the interests of justice, favor having this lawsuit decided in the Corpus Christi Division. It is therefore

**ORDERED** that Defendant's Motion [Doc. # 6] is **GRANTED**. This case will be **TRANSFERRED** to the United States District Court for the Southern District of Texas, Corpus Christi Division.

SIGNED at Houston, Texas, this **30th** day of **December, 2011**.

Nancy F. Atlas
United States District Judge

---

[23] See Compl., ¶ 56.

[24] The factors regarding familiarity with the governing law and avoiding conflict of law and the application of foreign law are not applicable in this case because both courts are in Texas.