UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 2:11-CV-00411 |
| HEMANT BHAKTA, *et al*, | § § § | |
| Defendants. | § | |

## **ORDER**

Before the Court is Plaintiff Choice Hotels International's Motion for Summary Judgment or Alternatively Partial Summary Judgment (D.E. 27). Defendant has responded (D.E. 28) and Plaintiff has replied (D.E. 31, 32). In connection with this Motion, Plaintiff seeks to strike affidavits and exhibits offered by the Defendants (D.E. 33) and Defendants sought and obtained leave to supplement discovery and their summary judgment evidence with profit and loss statements formally produced after the discovery deadline (D.E. 38).

Plaintiff, Choice Hotels International (CHI), seeks summary judgment that it terminated its franchise agreement with Defendant J. Bhagwanji, Inc (JBI) and that JBI and Defendant Hemant Bhakta (Bhakta) continued to use CHI's trademarks in violation of CHI's rights under the Lanham Act and Texas common law. JBI and Bhakta defend against the motion, arguing that the franchise agreement was wrongfully terminated and that CHI acquiesced in JBI's continued use of its trademarks during a period of time in which JBI was attempting to cure its franchise defaults and negotiate reinstatement of the

1 / 18

franchise agreement.  The parties also dispute the amount of compensatory damages that may be awarded and whether additional damages are warranted.

For the reasons set out below, the Motion (D.E. 27) is GRANTED.  CHI's objections to JBI and Bhakta's summary judgment evidence are overruled and its Motion to Strike Evidence (D.E. 33) is DENIED.

## LIABILITY FACTS

It is undisputed that, in connection with its hotel/motel business, CHI owns a number of trademarks that are registered with the United States Patent & Trademark Office.  JBI originally used CHI's trademarks pursuant to a May 30, 1997 franchise agreement, which licensed the use of the trademarks to JBI for the duration of the franchise arrangement, and which specifically required JBI to cease that trademark use upon termination of the franchise.  The franchise agreement was amended in March 2008 and April 2009 to require JBI to make certain agreed upgrades to the subject hotel.

The franchise agreement amendments permitted CHI to terminate the franchise agreement in the event that the upgrades were not completed to CHI's satisfaction within the time given.  After JBI later failed the third general inspection of its property, CHI expressly terminated the franchise agreement pursuant to a letter dated October 29, 2010.  This termination letter included a demand that JBI discontinue use of the trademarks and provided a list of expected trademark locations to help JBI find and eradicate all materials bearing the trademarks.

It is undisputed that JBI and its admitted agent, Bhakta, did not cease using CHI trademarks and some of its customers who stayed at the property after the termination of

the franchise believed that they were lodging at a CHI property, as evidenced by complaints made to CHI regarding the quality of the property and demands for credit under the CHI points reward program. These undisputed customer complaints constitute compelling, uncontroverted evidence that JBI and Bhakta's continued usage of the trademarks was causing actual confusion in the same industry in which CHI operates.

The crux of this lawsuit lies in the timeline of events around the date of termination of the franchise agreement and thereafter:

| | |
|---|---|
| March, 2008: | CHI and JBI enter into Franchise Agreement Addendum No. 4 with a Property Improvement Plan (PIP) requiring the purchase and installation of new case goods (furniture and décor) by July 29, 2009. |
| April, 2009: | CHI and JBI enter into another Franchise Agreement Addendum, extending the property improvement plan completion date to July 29, 2010. |
| December 10, 2009: | JBI fails the first relevant CHI Quality Assurance Review (QAR). |
| February 2, 2010: | CHI sends JBI a Notice of Default regarding JBI's failure to pay required franchise fees and charges. |
| March 1, 2010: | CHI sends JBI notice of the inspection results, showing items in the PIP that had not been completed and setting a re-inspection date. |
| April 19, 2010: | Bhakta obtains a quote from Hospitality Designs for new case goods to cure the identified deficiencies. |
| May 12, 2010: | JBI fails a second CHI QAR. CHI sends JBI another Notice of Default regarding an additional failure to pay required franchise fees and charges, with 10 days to cure. |
| May 13, 2010: | CHI sends a letter notifying JBI and Bhakta that they have failed to respond to at least 5 guest complaints, which is a violation of CHI rules and regulations, |

|  |  |
|---|---|
|  | constituting another default under the Franchise Agreement. |
| May 18, 2010: | CHI sends JBI a letter explaining the failed QAR. |
| May 24, 2010: | JBI and Bhakta pay the past due fees to CHI. |
| June 8, 2010: | CHI sends a design review letter to Bhakta regarding approvals of certain case goods sought from Hospitality Designs. |
| June 15, 2010: | CHI provides JBI and Bhakta another Notice of Default for failing the second QAR, and giving notice of a planned re-inspection within 60 days. |
| June 30, 2010: | CHI sends a procurement services and design-case goods submission letter to Bhakta disapproving of certain anticipated procurements from Hospitality Designs. |
| July, 2010: | Deadline for completion of all changes and additions to the property required of JBI pursuant to Addendum No. 5 to the Franchise Agreement. |
| July 9, 2010: | CHI sends JBI a letter noticing it of deficiencies in completing the PIP and setting December 22, 2010 as a date for a follow-up inspection. There is no evidence of an amendment or addendum to the Franchise Agreement extending JBI/Bhakta's right to complete the PIP to December, 2010 or to any date beyond July 29, 2010. |
| July 30, 2010: | CHI sends Bhakta a procurement services and design-case goods approval for purchases from Hospitality Designs. |
| 2010: | Prior to the next QAR, Bhakta calls CHI to explain that JBI will fail the next review because it has not yet received the case goods due to an alleged delay in approval from CHI. |
| September 9, 2010: | JBI fails a third QAR. |
| September 21, 2010: | CHI sends a letter to Bhakta regarding the failure of the QAR and the need to cure deficiencies. |

| | |
|---|---|
| October 29, 2010: | CHI gives JBI notice of termination of the Franchise Agreement, effective immediately, in a letter that includes a demand to cease use of the subject trademarks, with a list of examples of where trademarks might appear and need to be removed. |
| November 23, 2010: | In response to an inquiry from Hospitality Designs concerning JBI's order, CHI responds that there is no further need to submit the order for CHI approval. |
| April 1, 2011: | After completing the purchase of the new case goods from Hospitality Designs, Bhakta emails CHI seeking reinstatement of the franchise agreement. |
| April-June, 2011: | Customers complain about JBI's property under the understanding that it is a CHI franchise. |
| June 20, 2011: | CHI sends JBI/Bhakta a letter declining to reinstate the franchise, returning a $10,000 check that JBI had tendered for the reinstatement fee, and again demands that JBI and Bhakta cease use of the trademarks. |
| July 8-11, 2011: | CHI sends JBI/Bhakta another cease and desist letter regarding trademark usage, with a statement that the right to use the trademarks had ended on October 29, 2010, and a reminder that any authority to use the trademarks had to be in writing. CHI demands proof of the discontinuance of use of the trademarks by July 22, 2011. |
| July 19, 2011: | JBI and Bhakta again request that CHI reinstate the Franchise Agreement. |
| October 24, 2011: | CHI files this lawsuit against JBI and Bhakta for trademark infringement. |
| December 1, 2011: | CHI formally denies JBI and Bhakta's second request for reinstatement. |
| December, 2011: | JBI enters into a new franchise agreement with a new franchisor, Magnuson. |
| February 23, 2012: | JBI removes the exterior signage and other items bearing CHI trademarks. |

March 1, 2012:       JBI began operation as a WindWater by Magnuson Hotel.

## DISCUSSION

### A. Termination of Franchise Agreement

There is no dispute, and CHI has established, that CHI and JBI had entered into a Franchise Agreement that governs their relationship.  JBI breached the Franchise Agreement in at least four ways:  (1) allowing the property to deteriorate such that a PIP and Franchise Agreement Addendum was required and the PIP's completion had to be extended repeatedly; (2) failing to timely pay franchise fees and charges, which were eventually cured; (3) failing to respond to customer complaints; and (4) failing three consecutive Quality Assurance Reviews.  CHI had the contractual right to terminate the Franchise Agreement and did so by letter of October 29, 2010.  Franchise Agreement, D.E. 27-1, p. 43 (listing events of default); D.E. 27-2, p. 22.

JBI and Bhakta filed a counterclaim to this lawsuit contending that CHI breached the Franchise Agreement by wrongfully terminating it prior to the end of its term.  D.E. 7, p. 9.  They did not supply any evidence or argument to support their counterclaim or to prevent the issuance of the requested summary judgment.  The only factual basis for the counterclaim that JBI and Bhakta had pled addresses the PIP plan and the extension of completion such that they still had time to procure the required furnishings when CHI terminated.  *Id*.  Because the time for completion of the PIP had expired, because CHI had other independent grounds for termination, and because JBI and Bhakta have not controverted the grounds for summary judgment, CHI is entitled to judgment that the

Franchise Agreement was properly terminated, and JBI and Bhakta thus had no further contractual right to use the CHI trademarks, as of October 29, 2010.

## B. Trademark Infringement, False Designation of Origin, and Unfair Competition

To show trademark infringement and false designation of origin or unfair competition, CHI must show (1) it possesses a legally protectable mark; and (2) JBI and Bhakta used the same or similar marks in commerce in a manner likely to confuse potential customers as to the affiliation, connection, or association of JBI/Bhakta with CHI. 15 U.S.C. §§ 1114, 1125(a); *American Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008); *Philip Morris USA, Inc. v. Lee*, 547 F. Supp. 2d 667, 674 (W.D. Tex. 2008) (proof required for trademark infringement and unfair competition are the same). It is undisputed that CHI owns the subject trademarks and that JBI and Bhakta continued to use them after October 29, 2010.

The likelihood-of-confusion test is met as a matter of law when the defendants are using a plaintiff's exact marks as opposed to merely similar marks. *E.g., Paulsson Geophysical Services, Inc. v. Sigmar*, 529 F.3d 303, 311 (5th Cir. 2008) (court need not analyze all of the digits of confusion when the exact trademark is being used); *TGI Friday's Inc. v. Great Northwest Restaurants, Inc.*, 652 F. Supp. 2d 763, 767 (N.D. Tex. 2009) (use of the exact same mark makes confusion "evident"). The test is also met here by the uncontroverted evidence of actual confusion when customers contacted CHI with complaints about the properties or requests for CHI points in the reward program related to stays at the subject property after October 29, 2010. CHI has demonstrated that it is

entitled to judgment against JBI and Bhakta for trademark infringement from October 30, 2010 to February 23, 2012, the date that the CHI-trademarked signage and other items bearing CHI trademarks were removed from the property.

Proof of trademark infringement pursuant to the Lanham Act also constitutes proof of trademark infringement under Texas common law. *E.g., Sport Supply Group, Inc. v. Columbia Casualty Co.*, 335 F.3d 453, 461 (5th Cir. 2003). Likewise, evidence that supports federal trademark infringement claims also supports a claim for violation of the Texas common law regarding unfair competition. *E.g., Marathon Mfg. Co. v. Enerlite Products Corp.*, 767 F.2d 214, 217 (5th Cir. 1985).

### C. Acquiescence

JBI and Bhakta included allegations in their Answer that suggest that they retained the right to use CHI trademarks because they believed that CHI wrongfully terminated the Franchise Agreement and that they were still in negotiations with CHI to reinstate the franchise after October 29, 2010. D.E. 7, pp. 5-10. While they pled a counterclaim for wrongful termination, they did not plead the affirmative defense of acquiescence to legitimize their trademark infringement. 11 U.S.C. § 1115(b)(9); *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 618 (5th Cir. 2013) (acquiescence is an affirmative defense). For that reason, JBI and Bhakta are not permitted to defeat summary judgment on this affirmative defense.

Despite the failure to plead acquiescence, the Court will evaluate it. It is an equitable defense that requires proof that: (1) CHI knew or should have known of JBI and Bhakta's continued use of the trademark; (2) CHI made implicit or explicit assurances to

JBI and Bhakta that use was permitted; and (3) JBI and Bhakta relied on the assurances. *Conan Properties, Inc. v. Conans Pizza, Inc.*, 752 F.2d 145, 149 (5th Cir. 1985).

With respect to the second element, the "assurances" that JBI and Bhakta depend upon come from email correspondence between CHI and Hospitality Designs regarding JBI and Bhakta's procurement of case goods. CHI has objected to this evidence and has moved to strike it on the bases of lack of personal knowledge, hearsay, and improper or insufficient authentication. D.E. 33, pp. 5, 11. Even if considered, this proffered evidence demonstrates a communication that is neither directed to JBI or Bhakta nor involves any semblance of assurance regarding the use of trademarks. The only post-termination communication from a representative of CHI merely indicates to Hospitality Designs that CHI no longer required any submissions for that project. D.E. 28-6, p. 99. This is consistent with its previous termination of the Franchise Agreement and does not constitute any express or implied approval of any use of trademarks. It cannot support JBI and Bhakta's attempt to make a prima facie case of acquiescence because it does not satisfy the second element of that defense.

It is also important to note that the acquiescence defense is not available to JBI and Bhakta because the October 29, 2010 letter included a cease and desist demand with respect to the trademarks. D.E. 27-2, p. 22. That demand was repeated June 20, 2011 (D.E. 27-2, p. 55), July 8, 2011 (D.E. 27-2, p. 39), and December 1, 2011 (D.E. 27-2, p. 69). "Any acts after receiving a cease and desist letter are at the defendant's own risk because it is on notice of the plaintiff's objection to such acts." *Elvis Presley Enterprises, Inc. v. Capece*, 141 F.3d 188, 205 (5th Cir. 1998) (citing *Conan Properties*, 752 F.2d at

151–52).  Remarkably, JBI and Bhakta acknowledge receiving these cease and desist demands, yet continued their infringing activity even beyond the date this action was filed.  D.E. 28, p. 12.

JBI and Bhakta have failed to properly plead and raise a disputed issue of material fact regarding their affirmative defense of CHI's acquiescence in their trademark infringement.

### D. Liability is Established

CHI has established its right to summary judgment on the liability issues.  Fed. R. Civ. P. 56.  The Court GRANTS the motion that CHI is entitled to judgment that:  (1) JBI and Bhakta are liable to CHI for CHI's First and Third Claims for Relief for trademark infringement under the Lanham Act, 15 U.S.C. § 1114, and Texas common law (2) JBI and Bhakta are liable to CHI for CHI's Second Claim for Relief for false designation of origin under the Lanham Act, 15 U.S.C. § 1125; and (3) JBI and Bhakta are liable to CHI for CHI's Fourth Claim for Relief for unfair competition under Texas common law.

## REMEDIES

CHI seeks statutory damages and/or actual damages, treble damages for willful and knowing infringing activity, a permanent injunction prohibiting usage of CHI's trademarks, and attorney's fees and costs.  There is no dispute that CHI is entitled to a permanent injunction against JBI and Bhakta prohibiting them from any further unauthorized use of CHI's trademarks.  D.E. 28, p. 19.  The Court GRANTS the request for a permanent injunction.

Pursuant to the Lanham Act, and subject to principles of equity, CHI is also eligible to recover a money judgment for JBI's profits during its infringement, CHI's damages suffered as a result of the infringement, and costs of the action. 15 U.S.C. § 1117(a). Treble damages and attorney's fees are available with respect to a trademark infringement in the nature of intentional and knowing "counterfeiting" under 15 U.S.C. §§ 1114, 1117(b). Despite the language of the statute, the right to any or all of the remedies is determined pursuant to the Court's appropriate exercise of discretion in its capacity to do equity. *E.g., BASF Corp. v. Old World Trading Co., Inc.*, 41 F.3d 1081, 1099 (7th Cir. 1994).

No particular category, whether it be profits, damages, treble damages, or attorney's fees is required or for that matter prohibited in fashioning a remedy designed to redress the harm done. *Id*. at 1092-99. *See also*, *Texas Pig Stands, Inc. v. Hard Rock Cafe International, Inc*. 951 F.2d 684, 697 (5th Cir. 1992) (approving district court's refusal to accept jury determination regarding disgorgement of profits and reversing the district court's finding that the case was "exceptional," to justify award of attorney's fees). "Remedies are intended to make violations of the Act unprofitable, but not to act as a penalty." *Id*. at 1092.

### A. Time Period of Infringement

With respect to the question of profits and damages, the parties dispute the relevant time frame during which monies should be calculated. CHI complains that the infringement did not stop until June 2012 when JBI abandoned the assumed name that belongs to CHI. JBI and Bhakta claim, supported by evidence, that there was no

infringement after March 1, 2012 when they were operating the hotel exclusively under the WindWater by Magnuson name.  CHI has not offered any evidence that JBI and Bhakta continued to operate under any CHI trademark after March 1, 2012 other than their need to file a certificate abandoning the assumed name.

Trademark infringement claims are based upon using another person's trademark "in commerce."  15 U.S.C. § 1115(a).  CHI has not provided, and this Court has not found, any authority for construing the act of holding a dormant assumed name, without evidence of any corresponding transaction, as an act "in commerce."  Because the burden of proof to show infringement is on CHI as Plaintiff and Movant, and because CHI has not sustained that burden for any act after February 23, 2012, the Court finds that the period of infringement is November 2010 through February 2012.  *American Rice, supra* at 329; Fed. R. Civ. P. 56.

### B. Recovery of Defendant's Profits

CHI seeks $141,190.47 as JBI's "profits,"[1] as permitted by 15 U.S.C. § 1117(a), based on its review of JBI's net income from hotel operations as set out in monthly Profit & Loss Statements produced in discovery.  D.E. 27-6, pp. 12-33.  Pursuant to the statute, the plaintiff need only show defendant's sales; it is the defendant's burden to show that deductions from gross sales reflect proper deductions to arrive at a "profits" figure.  15 U.S.C. § 1117(a).  In its Motion, CHI accepts the deductions of JBI's expenses as reflected in JBI's Profit & Loss Statements as the appropriate methodology for arriving at allowable profits—being the "net income" figures.  D.E. 27, p. 21.

---

[1] This figure is based on the months of November 2010 through June 2012.

JBI and Bhakta have shown that the net income figures on which CHI bases its "profits" calculation are erroneous due to a mistake by JBI's bookkeeper in that the line item denominated "gross sales" in the Statements CHI relies upon reflects gross deposits, including the proceeds from loans. *See generally*, D.E. 27-3, pp. 21-22, 46-49; D.E. 28-13, pp. 3-4. JBI and Bhakta supplied corrected Profit & Loss Statements with their response. D.E. 28-14. While CHI has objected to the use of the corrected statements because they were produced after the discovery deadline, the Court has granted JBI and Bhakta's Motion for Leave to Supplement (D.E. 39) because the information had been provided during Bhakta's deposition taken at an agreed-upon time and because there is no prejudice to CHI to allow JBI and Bhakta to supplement discovery with the corrected statements and admit them in connection with this summary judgment proceeding.

CHI has claimed a right to recover the amounts reflected in JBI's profitable months, while disregarding the months resulting in a net loss. In their Response, JBI and Bhakta contend that the hotel experienced a "total net revenue loss" for the time period of November 2010 through February 2012 in the amount of -$25,595.85, meaning zero "profits" are available to CHI through disgorgement. D.E. 28, p. 8; 28-13, 28-14, 28-15. However, CHI is correct in responding that it is not required to include unprofitable months.

The Supreme Court made it clear that, when intellectual property—in that case a patent—is infringed, the owner of the intellectual property is not treated as a "partner" subject to both profits and losses. *Duplate Corp. v. Triplex Safety Glass Co.*, 298 U.S. 448, 458, 56 S.Ct. 792, 796 (1936), *superseded by statute on other grounds*, *General*

*Motors Corp. v. Devex Corp.*, 461 U.S. 648, 103 S.Ct. 2058 (1983) (referring to prejudgment interest awards and 35 U.S.C. § 284). Instead, it is like a tort victim and is permitted to pick and choose the transactions on which it will recover. *Id*. The *Duplate* holding was applied to trademark infringement cases by *Wolfe v. National Lead Co.*, 272 F.2d 867, 870 (9th Cir. 1959), *overruled on other grounds*, *Maier Brewing Co. v. Fleischmann Distilling Corp.*, 359 F.2d 156 (9th Cir. 1966).

The net income calculated by JBI's profit and loss software is as follows:

| | |
|---|---|
| November 2010 | $ 23,358.61 |
| December 2010 | 2,004.27 |
| January 2011 | 1,950.84 |
| February 2011 | loss |
| March 2011 | loss |
| April 2011 | 3,440.79 |
| May 2011 | 2,051.14 |
| June 2011 | 7,611.15 |
| July 2011 | 33,069.08 |
| August 2011 | 13,884.49 |
| September 2011 | loss |
| October 2011 | loss |
| November 2011 | 18,082.92 |
| December 2011 | loss |
| January 2012 | loss |
| February 2012 | loss |
| Total of Profitable Months: | $ 105,453.29 |

The Court finds that the sum of $105,453.29 is an appropriate figure for "profits" from November 2010 through February 2012.

### C. Damages in the form of Royalties

CHI also seeks actual damages measured by reasonable royalties for the use of CHI trademarks during the period in question. *E.g., Boston Professional Hockey Ass'n v.*

*Dallas Cap & Emblem Mfg.*, 597 F.2d 71, 76 (5th Cir. 1979). This measure of damages is discretionary and is especially appropriate when the parties had a prior licensing agreement. *E.g.*, *Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1519-20 (11th Cir. 1990).

CHI calculates its damages-as-royalties based on a gross income figure provided by JBI and Bhakta's records in the amount of $802,579.62. D.E. 27, p. 22. It claims a 7.85% right to commissions and fees, rendering damages of $63,002.50. JBI and Bhakta do not contest the 7.85% figure, but assert that CHI has included all of its bank deposits, as discussed above, which is contrary to the definition of "gross room revenues" in the Franchise Agreement that supplies the methodology for arriving at an applicable royalty calculation.

The language of the Franchise Agreement refers to the gross room revenue charged, which would exclude the amount received from loans and from room rentals predating the time period in question. D.E. 27-1, p. 38. JBI and Bhakta rely on their Hotel Occupancy Tax Reports to show the actual amount charged for rooms in any specific time period. D.E. 28-16. Those reports show the gross room revenue from November 2010 through February 2012 as $503,455.79, resulting in a reasonable royalty of $39,521.28. D.E. 28-13, p. 4; 28-15, p. 4, 28-16. The Court finds the sum of $39,521.28 to be an appropriate amount of royalty "damages" supported by the evidence.

### D. Treble Damages for Intentional and Knowing Conduct

Pursuant to the Lanham Act, CHI may also recover treble damages and attorney's fees if JBI and Bhakta's conduct is intentional and knowing. 15 U.S.C. § 1117(b). There

is no question that JBI and Bhakta were on notice that continued use of the trademarks after termination of the Franchise Agreement was prohibited. That information was included in the Franchise Agreement, itself, and was repeated in the CHI termination letter and repeated warnings thereafter, including the filing of this action. Yet JBI and Bhakta continued to use the trademarks. Based on its calculation of JBI/Bhakta's profits and royalties, CHI seeks a treble damages award within this Court's discretion of a figure between $189,007.50 and $423,571.41.

Under 15 U.S.C. § 1117(b), the defendant may be excused from treble damages for "extenuating circumstances." JBI and Bhakta argue that they did not knowingly, willingly, or intentionally infringe on CHI's trademarks because they were working diligently to comply with the PIP and to obtain reinstatement and because the death of Jagubhai Bhakta, who had been in charge of JBI, created a drain and distraction from their ability to do so. As an alternative, JBI and Bhakta ask the Court to consider additional damages of only $39,521.28 to $118,477.53.

Thus according to the parties' briefing, additional damages from $39,521.28 to $423,571.41 should be sustainable. The Court's findings of damages and profits, set out above, put the trebled figure at $118,563.84 to $316,359.87.

**E. Attorney's Fees.**

In "exceptional cases," this Court may also award attorney's fees to the prevailing party. 15. U.S.C. § 1117(a). An exceptional case, even as briefed by CHI, calls for a finding that the trademark infringement is malicious, fraudulent, deliberate, or willful—a high degree of culpability. D.E. 27, p. 24 (citing *Rolex Watch USA, Inc. v. Meece*, 158

F.3d 816, 824 (5th Cir. 1998)).  JBI and Bhakta contend that they believed in good faith that they had permission to continue to use the CHI trademarks while they continued to comply with the PIP and seek reinstatement.

**F. Damages.**

According to the evidence, the amount of damages that this Court may award in the interest of equity and to make trademark infringement unprofitable—but not to assess a penalty—ranges from $39,521.28 to as much as $461,334.44, plus attorney's fees.  The Court is aware of CHI's frustration in JBI and Bhakta's failure to comply with repeated demands to cease operating under its trademarks over a substantial period of time.  Additionally, CHI has suffered damages from the fact that the continued use of its trademark was done while the property was well below its standards, resulting in customer complaints that damaged its goodwill.

At the same time, the Court is cognizant of the difficulties under which JBI and Bhakta were operating, including the death of Jagubhai Bhakta and problems and delays associated with getting the new case goods manufactured, approved, and shipped.  The Court understands Bhakta's actions, though clearly wrongful, being done not out of fraud or malice but out of the hope that reinstatement would follow—however remote that possibility may have been.

The Court finds that the following award of damages is consistent with equity under the evidence submitted in this case:  disgorgement of profits in the amount of $105,453.29, royalties as damages in the amount of $39,521.28, additional damages in

the amount of $75,000, and costs.  The Court declines to deem this case "exceptional" or to award attorney's fees.

## CONCLUSION

The Court OVERRULES and DENIES CHI's Objections and Motion to Strike (D.E. 33).  The Court GRANTS the Motion for Summary Judgment (D.E. 27) with respect to CHI's request for summary judgment on each of its four theories of liability against JBI and Bhakta, including trademark infringement and false designation of origin under the Lanham Act, trademark infringement under the Texas common law, and unfair competition under the Texas common law.

The Court GRANTS the Motion (D.E. 27) with respect to CHI's request for a permanent injunction.  The Court ENJOINS JBI and Bhakta from using CHI's trademarks or any similar marks and ORDERS JBI and Bhakta to deliver to CHI any item in their possession, custody, or control bearing any of the CHI marks.  The Court further ORDERS JBI and Bhakta to file a sworn statement of compliance as provided in 15 U.S.C. § 1116(a).

The Court GRANTS CHI the following monetary relief: disgorgement of profits in the amount of $105,453.29, royalties as damages in the amount of $39,521.28, additional damages in the amount of $75,000, for a total damage award of $219,974.57, together with costs.

ORDERED this 5th day of April, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE